■ KEVIN SCHROTH, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 103660.) [752 NYS2d 478] —Appeal from an order of the Court of Claims (NeMoyer, J.), entered April 8, 2002, which denied respondent's motion for summary judgment dismissing the claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the claim is dismissed.

Memorandum: Claimant filed this Labor Law § 241 (6) claim seeking damages for injuries he sustained while employed as a laborer for the renovation of the North Grand Island Bridge, owned by respondent. While engaged in vacuuming debris from a platform suspended beneath the bridge, claimant tripped on a sandblasting hose connected to a sandblaster being used by a coworker on a platform above claimant. The sandblasting hose, which was also connected to a compressor on a barge below claimant, would collect upon and be moved about claimant's platform in relation to the coworker's movements above.

The Court of Claims erred in denying respondent's motion for summary judgment dismissing the claim. To support his claim for a violation of Labor Law § 241 (6), claimant relies upon the alleged violation of 12 NYCRR 23-1.7 (e) (1) and (2). Section 23-1.7 (e) (1) is inapplicable, however, because the platform on which claimant was working was not a "passageway" (see Canning v Barneys N.Y., 289 AD2d 32, 34; Alvia v Teman Elec. Contr., 287 AD2d 421, 423, lv dismissed 97 NY2d 749; Adams v Glass Fab, 212 AD2d 972, 973). Further, although section 23-1.7 (e) (2) is applicable here, respondent established as a matter of law that it did not violate that section. Section 23-1.7 (e) (2) requires that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials * * * insofar as may be consistent with the work being performed." Respondent submitted evidence sufficient to establish that the sandblasting hose on which claimant tripped did not constitute "debris" or "scattered tools and material" within the meaning of section 23-1.7 (e) (2). Rather, the hose was "consistent with," and thus an integral part of, the work being performed (see Sharrow v Dick Corp., 233 AD2d 858, 860, lv denied 89 NY2d 810, rearg denied 89 NY2d 1087; Adams, 212 AD2d at 973; cf. Beltrone v City of New York, 299 AD2d 306). Because claimant has failed to raise a question of fact whether respondent violated any applicable provision of the Industrial Code, the order must be reversed, the motion for summary judgment granted and the claim dismissed. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.