KENNETH C. FURA, Appellant, v ADAM'S RIB RANCH CORP. et al., Respondents. [790 NYS2d 785]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered September 19, 2003 in a personal injury action. The order granted defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff instituted this action to recover damages for personal injuries sustained when the tip of his thumb was severed when it was caught between a lift and a wall frame upon which he was working. He relied, inter alia, upon Labor Law § 241 (6) and 12 NYCRR 23-1.7 (e) (1) and (2). Supreme Court granted defendants' motion for summary judgment dismissing the complaint. As limited by his brief, plaintiff appeals from so much of the order as granted that part of the motion seeking dismissal of the Labor Law § 241 (6) cause of action.

We reject plaintiff's contention that defendants, as the parties moving for summary judgment, failed to meet their initial burden of establishing that the cited regulations do not apply to the facts of this case. The first regulation upon which plaintiff relies, 12 NYCRR 23-1.7 (e) (1), applies only to passageways. Here, because plaintiff and his coworker were working in a ballroom and no one was using the area to travel from one place to another, that regulation is inapplicable (*see Salinas v Barney*

*Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]). Plaintiff's reliance upon 12 NYCRR 23-1.7 (e) (2) is also misplaced. That regulation does not apply to plaintiff's situation as it is designed to protect against tripping hazards and sharp projections on floors and platforms "insofar as may be consistent with the work being performed." Plaintiff's hand was injured when it was pinched between a wall and a lift, not because of a tripping hazard or sharp projection on a floor or platform (*see Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345, 1348 [2003]). Furthermore, the regulation is inapplicable because the lift that allegedly caused plaintiff's injury was consistent with, and therefore an integral part of, the work being performed (*see Schroth v New York State Thruway Auth.*, 300 AD2d 1044, 1045 [2002]). After defendants made their initial showing of entitlement to summary judgment, plaintiff failed to come forward with sufficient admissible evidence to raise a triable issue of fact whether the regulations applied to the facts of this case. Thus, the court properly granted defendants' motion. Present— Scudder, J.P., Kehoe, Gorski, Martoche and Smith, JJ.