[855 NE2d 1159, 822 NYS2d 745]

Sᴇᴀɴ O'Sᴜʟʟɪᴠᴀɴ, Appellant, v IDI Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ Cᴏᴍᴘᴀɴʏ, Iɴᴄ., Respondent, et al., Defendant. IDI Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ Cᴏᴍ-ᴘᴀɴʏ, Iɴᴄ., Third-Party Plaintiff-Respondent, v Tᴇᴍᴀɴ Eʟᴇᴄᴛʀɪᴄᴀʟ Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ, Iɴᴄ., et al., Third-Party Defendants-Respondents.

Decided August 31, 2006

**APPEARANCES OF COUNSEL**

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP,* Buffalo (*John A. Collins* of counsel), for appellant.

*Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* New York City (*Mathew P. Ross* of counsel), for respondent and third-party plaintiff-respondent.

*Newman Fitch Altheim Myers, P.C.,* New York City (*Michael H. Zhu* of counsel), for Cosner Construction, third-party defendant-respondent.

*Ahmuty, Demers & McManus,* Albertson (*Brendan T. Fitzpatrick* of counsel), for Teman Electric Construction, Inc., third-party defendant-respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs. The courts below properly concluded that plaintiff's Labor Law § 241 (6) cause of action, based on 12 NYCRR 23-1.7 (e) (1) and (2), failed because the electrical pipe or conduit that plaintiff tripped over was an integral part of the construction. Further, plaintiff cannot recover in negligence or pursuant to Labor Law § 200 because no triable issue of fact exists that defendant IDI Construction Company, Inc.'s on-site safety manager "control [led] the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]) or that IDI maintained an unreasonably dangerous work environment.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.