■ GARY K. BOYD et al., Respondents, v MAMMOET WESTERN, INC., Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. INTERNATIONAL EXTRUDED PRODUCTS, LLC, et al., Third-Party Defendants-Respondents-Appellants. [822 NYS2d 205]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 22, 2005 in a personal injury action. The order denied the motion of defendant and the cross motion of third-party defendants seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion and cross motion in part and dismissing the Labor Law § 241 (6) claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Gary K. Boyd (plaintiff) when he stepped backward to avoid flying sparks and tripped over the "horn" of a fire extinguisher hose. At the time of the accident, plaintiff, an employee of third-party defendant Wyman-Gordon Forgings, LP (Wyman), was acting as a fire watcher responsible for extinguishing any fire that might be sparked by his coworker's use of a cutting torch that the coworker was using to remove pipe that was a remaining part of a press that had been removed from

the Wyman plant for shipping to another state. As general contractor, defendant, Mammoet Western, Inc. (Mammoet), was responsible for removing the press and its appurtenances, but on the day of the accident, Mammoet used the services of employees of Wyman, including plaintiff, to perform certain tasks covered by the general contract because Mammoet was "behind schedule."

Supreme Court erred in denying that part of the motion of Mammoet and that part of the cross motion of third-party defendants seeking summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim, and we modify the order accordingly. 12 NYCRR 23-1.5, relied upon by plaintiffs, "sets forth only a general safety standard" and is thus incapable of supporting a Labor Law § 241 (6) claim (*Hasty v Solvay Mill Ltd. Partnership*, 306 AD2d 892, 894 [2003]). Although 12 NYCRR 23-1.7 (e) (1) and (2), also relied upon by plaintiffs, are sufficiently concrete to support a Labor Law § 241 (6) claim (*see Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138, 1140 [2004]; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]; *Herman v St. John's Episcopal Hosp.*, 242 AD2d 316, 317 [1997]), Mammoet and third-party defendants met their initial burden on their respective motion and cross motion by establishing that those regulations are inapplicable and plaintiffs failed to raise a triable issue of fact. Subdivision (e) (1) does not apply because the area in which plaintiff was working was not a passageway (*see Vieira*, 255 AD2d 235 [1998]; *see also Schroth v New York State Thruway Auth.*, 300 AD2d 1044, 1045 [2002]). Subdivision (e) (2) does not apply because the object tripped over (the horn of a fire extinguisher) was an integral part of the work being performed (*see Schroth*, 300 AD2d at 1045; *see also Sharrow v Dick Corp.*, 233 AD2d 858, 860 [1996], *lv denied* 89 NY2d 810 [1997]).

However, the court properly denied those parts of the motion of Mammoet and those parts of the cross motion of third-party defendants seeking summary judgment dismissing plaintiffs' Labor Law § 200 claim and common-law negligence cause of action. It has been held that "an implicit precondition to [the common-law duty codified by Labor Law § 200] is that the party to be charged with that obligation 'have the *authority to control the activity bringing about the injury to enable it to avoid* or correct an unsafe condition' " (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Here, plaintiffs raised an issue of fact whether Mammoet had the authority to control the work of plaintiff. Although plaintiff was not an employee of Mammoet, Mammoet was responsible by contract for performing all opera-

tions incidental to the disassembly, transportation and reconstruction of the press and was responsible for ensuring that the work area surrounding the press was free of debris. Moreover, Mammoet employees were present in the Wyman plant on the day of the accident. The court properly rejected the assertion of Mammoet and third-party defendants that the conduct of plaintiff was the sole cause of his injuries (cf. *Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]).

All concur, Hayes, J., not participating. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.