■ Paul Verel, Respondent, v Ferguson Electric Construction Company, Inc, et al., Appellants. [838 NYS2d 280]—

Appeals from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 17, 2006 in a personal injury action. The order denied the motion of defendant Ferguson Electric Construction Company, Inc. and the cross motion of defendant Uniland Construction Corporation for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part the motion of defendant Ferguson Electric Construction Company, Inc. and dismissing the Labor Law § 241 (6) claim against it except insofar as that claim is based on the alleged violation of 12 NYCRR 23-1.30 and by granting in part the cross motion of defendant Uniland Construction Corporation and dismissing the common-law negligence cause of action and Labor Law §§ 200 and 241 (6) claims against it except insofar as the latter claim is based on the alleged violation of 12 NYCRR 23-1.30 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while employed on a construction project when he tripped and fell over three electrical conduits protruding approximately one foot from the concrete

floor of the building under construction. The conduits were installed by defendant Ferguson Electric Construction Company, Inc. (Ferguson). Defendant Uniland Construction Corporation (Uniland) was the general contractor for the project. Supreme Court properly denied that part of the motion of Ferguson seeking summary judgment dismissing the Labor Law § 200 claim against it based on the contention of Ferguson that it is not subject to liability under that statute inasmuch as it acted only as a subcontractor. Ferguson is subject to liability under that statute because the record establishes that it had "the authority to control the activity bringing about the injury" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *cf. Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247, 248 [1999]; *Gielow v Coplon Home*, 251 AD2d 970, 972 [1998], *lv dismissed and denied* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999]). We further conclude that the court properly denied those parts of the motion of Ferguson for summary judgment dismissing the Labor Law § 200 claim against it for an additional reason, which applies equally to the court's denial of that part of Ferguson's motion with respect to the common-law negligence cause of action. Although Ferguson established, and plaintiff admitted, that Ferguson exercised no supervisory control over plaintiff's work, plaintiff's theory of liability is based on the allegedly defective condition of the premises rather than on the manner in which the work was performed. Here, Ferguson failed to show that it did not create the dangerous condition or that it lacked control over the premises and lacked actual or constructive notice of the dangerous condition (*see Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1267 [2003], *amended on other grounds* 2 AD3d 1485 [2003]; *see also Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). Further, we reject the contention of Ferguson that it had no duty to warn of the allegedly dangerous condition, based on the open and obvious nature of the condition. Rather, the open and obvious nature of the allegedly dangerous condition in this case "does not negate the duty to maintain [the] premises in a reasonably safe condition but, [instead], bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863 [2006]).

We further conclude, however, that the court erred in denying those parts of the cross motion of Uniland for summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim against it (*see generally O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]). We therefore modify the order accordingly. Uniland met its initial burden by demonstrating that it did not exercise any supervision or control over

plaintiff's work and, unlike Ferguson, Uniland established " 'that it neither created nor had actual or constructive knowledge of the allegedly dangerous condition' '' of the electrical conduits (*Alnutt v J&E Elec.*, 28 AD3d 1214, 1215 [2006]; *see Lee v Lewiston Constr. Corp.*, 23 AD3d 1002, 1003 [2005]). Plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, the fact that Uniland's project manager was present at the job site on a daily basis and would have replaced a safety cone around the conduits had he noticed that one was missing is insufficient to raise a triable issue of fact with respect to Uniland's alleged supervision and control of plaintiff's work (*see Cooper v Sonwil Distrib. Ctr., Inc.*, 15 AD3d 878, 879 [2005]; *Shelley v Flow Intl. Corp.*, 283 AD2d 958, 959 [2001], *lv dismissed* 96 NY2d 937 [2001]).

Additionally, we conclude that the court erred in denying those parts of defendants' respective motion and cross motion for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e). Defendants are correct that 12 NYCRR 23-1.7 (e) (1) is inapplicable to the facts of this case "because the electrical pipe[s] or conduit[s] that plaintiff tripped over [were] an integral part of the construction" (*O'Sullivan*, 7 NY3d at 806), and plaintiff was working in a large, open area rather than in a passageway (*see Fura v Adam's Rib Ranch Corp.*, 15 AD3d 948 [2005]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001], *lv dismissed* 97 NY2d 749 [2002]). Defendants also are correct that 12 NYCRR 23-1.7 (e) (2) does not apply to this case because the electrical conduits do not constitute "dirt and debris" or "scattered tools and materials" but, as noted, were "an integral part of the construction" (*O'Sullivan*, 7 NY3d at 806; *see Fura*, 15 AD3d at 949; *Isola v JWP Forest Elec. Corp.*, 267 AD2d 157, 158 [1999]; *Adams v Glass Fab*, 212 AD2d 972, 973 [1995]). We therefore further modify the order accordingly.

Finally, we conclude that the court properly otherwise denied those parts of defendants' respective motion and cross motion with respect to the remainder of the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.30. Defendants met their initial burden by submitting the affidavit of one of Ferguson's employees stating that the temporary light stringers installed by Ferguson provided at least 10 foot candles of illumination throughout the project's work area. Thus, defendants met their burden by establishing that they did not violate that regulation. Plaintiff raised a triable issue of fact in opposition, however, by submitting his deposition

testimony in which he testified that the area in which he fell was so dark that a person "wouldn't be able to read the newspaper" and that there was no artificial lighting in the area in which he fell. Plaintiff thus raised a triable issue of fact whether the lighting conditions fell below the regulatory standard of 10 foot candles of illumination required by 12 NYCRR 23-1.30. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.