■ DONALD MOTT et al., Respondents, v TROMEL CONSTRUCTION CORP. et al., Appellants, and D. MAGNAN & Co., INC., Respondent, et al., Defendants. [912 NYS2d 685]—

In an action to recover damages for personal injuries, etc., the defendants Tromel Construction Corp. and Half Hollow Hills Central School District, also known as Central School District No. 5, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 8, 2009, as, upon renewal, denied those branches of their motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the defendant Tromel Construction Corp., dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, and on their cross claim for contractual indemnification asserted against the defendant D. Magnan & Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The injured plaintiff Donald Mott (hereinafter the plaintiff) was injured in a construction-related accident which occurred on a high school renovation project site owned by the defendant Half Hollow Hills Central School District, also known as Central School District No. 5 (hereinafter Half Hollow). As the plaintiff was walking out of a classroom, his foot became caught in a loop of string or twine which was stretched out into the hallway, tripping him and jerking his leg and body. The string or twine was allegedly attached to a fire hose which was being used by employees of subcontractor D. Magnan & Co., Inc. (hereinafter Magnan), who were installing terrazzo floors in the school hallways. Magnan was hired by the defendant Tromel Construction Corp. (hereinafter Tromel), the general contractor for the project. The plaintiff, with his wife suing derivatively, commenced this action against Tromel, Half Hollow, and Magnan, among others, alleging, inter alia, violations of Labor Law § 241 (6) and § 200. As is relevant here, Tromel and Half Hollow (hereinafter together the appellants), answered and asserted a cross claim for contractual indemnification against Magnan, among others.

The appellants moved, together with several other defendants, for summary judgment, inter alia, dismissing the complaint insofar as asserted against them and on their cross claim for contractual indemnification against Magnan (hereinafter the appellants' motion).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Tromel. Contrary to Tromel's contention, this case is a "dangerous condition" case, and not a "methods and means" case (*see Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]; *Charles v City of New York*, 227 AD2d 429 [1996]; *cf. Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]), since the plaintiff was not injured as a result of the manner in which the work was being performed but, rather, as a result of allegedly tripping on a dangerous condition at the work site.

The appellants' submissions failed to eliminate all triable issues of fact as to whether Tromel lacked control over the work site and lacked actual or constructive notice of the dangerous condition (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938 [2009]). The deposition testimony of the site superin-

tendent for Tromel established that he was present at the work site on a daily basis, conducted safety inspections, walked around the building several times each day, and had the authority to stop the work of anyone on the site if necessary. This testimony raises triable issues of fact as to whether Tromel exercised control over the work site and had actual or constructive notice of the alleged dangerous condition.

Since Tromel failed to make a prima facie showing of entitlement to judgment as a matter of law, that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Tromel was properly denied, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Aragona v State of New York*, 74 AD3d 1260 [2010]; *Harkin v City of New York*, 69 AD3d 901 [2010]).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them. In order to establish their entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action, the appellants had to establish the absence of any triable issues of fact as to whether the Industrial Code provision cited by the plaintiffs was applicable (*see Parisi v Loewen Dev. of Wappinger Falls*, 5 AD3d 648, 649 [2004]). The appellants' submissions failed to establish, as a matter of law, that the twine or string upon which the plaintiff allegedly tripped did not constitute a "tripping hazard" within the meaning of 12 NYCRR 23-1.7 (e), that the hallway was not a "passageway" within the meaning of 12 NYCRR 23-1.7 (e) (1) (*see Aragona v State of New York*, 74 AD3d 1260 [2010]), or that the twine or string was integral to and "consistent with the work being performed" within the meaning of 12 NYCRR 23-1.7 (e) (2) (*see Quinn v Whitehall Props., II, LLC*, 69 AD3d 599, 600 [2010]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Riley v J.A. Jones Contr., Inc.*, 54 AD3d 744, 745 [2008]; *cf. Schroth v New York State Thruway Auth.*, 300 AD2d 1044 [2002]; *Moses v Pinazo*, 265 AD2d 391 [1999]).

The Supreme Court also properly denied that branch of the appellants' motion which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against Magnan. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]

[internal quotation marks omitted]; *cf. Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 870-871 [2008]). Since the Supreme Court properly denied the appellants' motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against the appellants and the Labor Law § 200 cause of action insofar as asserted against Tromel, the Supreme Court properly concluded that resolution of the issue of contractual indemnification at this point was premature (*see Manicone v City of New York*, 75 AD3d 535 [2010]; *Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519 [2010]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 925 [2003]). Florio, J.P., Belen, Lott and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32404(U).]**