# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1439**
**CA 12-01229**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

GARY STEIGER, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

LPCIMINELLI, INC. AND ORCHARD PARK CCRC,
DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CAMPBELL & SHELTON LLP, EDEN (ERIC M. SHELTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Sheila A. DiTullio, A.J.), entered May 15, 2012. The order, inter alia, denied the motion of defendants for summary judgment dismissing the second amended complaint.

It is hereby ORDERED that the order so appealed from is modified on the law by granting those parts of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against defendant LPCiminelli, Inc. insofar as they are based upon actual notice and against defendant Orchard Park CCRC in their entirety, and for summary judgment dismissing the Labor Law § 241 (6) cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he tripped and fell while exiting a portable toilet that was located on land owned by defendant Orchard Park CCRC (Orchard Park). Orchard Park hired defendant LPCiminelli, Inc. (Ciminelli) to act as the general contractor or construction manager for the construction of Fox Run at Orchard Park, a retirement community (Fox Run). Plaintiff was employed as a service technician by a telephone company (employer), which contracted directly with Orchard Park for the installation of fiber optic telephone, Internet, and cable television systems at Fox Run. On the date of the accident, plaintiff was working inside Fox Run's healthcare center building (hereafter, health center). After finishing his work for the morning, plaintiff and a coworker planned to drive to the nearby office of their employer for lunch. Plaintiff and the coworker left the health center and walked into the parking lot in front of the building, where their trucks were parked. Before leaving for lunch, plaintiff decided to use one of the portable toilets located on the sidewalk adjacent to the parking lot. The

toilets were set back approximately 1½ to 2 feet from the sidewalk curb.  Plaintiff stepped onto the curb from the parking lot and entered one of the toilets.  When plaintiff exited the toilet, he took a step with his right foot onto the sidewalk, rolled his left ankle on the edge of the curb, and fell into the parking lot, breaking his right wrist and injuring his left ankle.

Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the second amended complaint. Contrary to the contention of defendants, we conclude that Supreme Court properly denied that part of their motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against Ciminelli except insofar as those claims are based upon actual notice.  Where, as here, the worker's injuries result from a dangerous condition at the work site rather than from the manner in which the work is performed, the general contractor or owner "may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and [has created or has] actual or constructive notice of the dangerous condition" (*Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416 [internal quotation marks omitted]; *see Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1295; *Rodriguez v BCRE 230 Riverdale, LLC*, 91 AD3d 933, 934-935; *Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1587; *McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582).  Thus, "[d]efendants, as the parties seeking summary judgment dismissing those claims, were required to 'establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises' " (*Ozimek*, 83 AD3d at 1416; *see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709; *Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017, 1017).

We conclude that defendants failed to meet that burden with respect to Ciminelli with the exception of actual notice.  Defendants failed to demonstrate that Ciminelli lacked any supervisory control over the general condition of the premises inasmuch as their own submissions established, inter alia, that Ciminelli's project superintendent and project manager had offices on the premises and were present at the construction site on a daily basis, held coordination meetings with field personnel, and required all contractors and subcontractors to sign a safety form (*see Mott v Tromel Constr. Corp.*, 79 AD3d 829, 830-831).  Defendants likewise failed to establish that Ciminelli did not create the allegedly dangerous condition, i.e., the placement of the portable toilets in proximity to the curb.  It is undisputed that Ciminelli was responsible for the placement of the portable toilets, and Ciminelli failed to demonstrate as a matter of law that the placement of the portable toilets did not constitute a dangerous condition.  Indeed, the record establishes the potential danger created by that placement. Photographs of the accident scene show that the toilets were located a short distance from the curb.  Further, plaintiff's coworker confirmed that, on the date of the accident, he "stumbled" on his way out of the portable toilet, having forgotten that "there was an extra step there."  After plaintiff's accident, the portable toilets were

relocated, and the coworker testified that he "didn't have any more problems stepping in and out of them."

Defendants also failed to establish that Ciminelli lacked "constructive notice of the condition, i.e., they failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit [Ciminelli] or [its] employees to discover and remedy it" (*Finger v Cortese*, 28 AD3d 1089, 1091; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838).  The portable toilets had been located on the sidewalk for at least a week prior to the accident, and Ciminelli representatives were present at the work site on a daily basis.  Moreover, the photographs in the record establish that the potential danger created by the placement of the portable toilets, i.e., their proximity to the sidewalk curb, is readily apparent.

We agree with defendants, however, that they met their burden of establishing Ciminelli's lack of actual notice as a matter of law "[b]y showing that it did not receive any complaints about the area prior to plaintiff's fall" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857; *see Ferrington v Dudkowski*, 49 AD3d 1267, 1267) and that plaintiff failed to raise a triable issue of fact with respect thereto (*see Ferrington*, 49 AD3d at 1267; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Ciminelli's project superintendent and project manager testified at their depositions that they did not receive any complaints about the placement of the toilets on the sidewalk and that they were not aware of any incidents involving the toilets prior to the accident, and plaintiff submitted no proof to the contrary (*see Quigley v Burnette*, 100 AD3d 1377, 1378; *Constanzo v Woman's Christian Assn. of Jamestown*, 92 AD3d 1256, 1257).  We therefore modify the order by granting that part of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against Ciminelli insofar as they are premised upon actual notice.

We further conclude that defendants met their burden with respect to the Labor Law § 200 and common-law negligence claims against Orchard Park.  Specifically, defendants established that Orchard Park "lacked control over the general condition of the premises and neither created nor had actual or constructive notice of any allegedly dangerous condition thereof, and . . . plaintiff failed to raise a triable issue of fact" (*Hennard v Boyce*, 6 AD3d 1132, 1133).  The executive director of Fox Run testified at his deposition that Orchard Park had no responsibility for directing or controlling the construction work, and had no responsibility for site safety.  Orchard Park did not have a representative on the job site on a regular basis and was not involved in acquiring or placing the portable toilets at the site.  We therefore further modify the order by granting those parts of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against Orchard Park in their entirety.

Finally, we agree with defendants that the court erred in denying

that part of their motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action.  That cause of action is premised upon defendants' alleged violation of 12 NYCRR 23-1.7 (e) (1), which provides that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping."  Although that Industrial Code provision is sufficiently specific to support a Labor Law § 241 (6) claim (*see Boyd v Mammoet W., Inc.*, 32 AD3d 1257, 1258; *Cowan v ADF Constr. Corp.*, 26 AD3d 802, 803), we conclude that defendants met their burden of establishing that it is inapplicable to the facts of this case and that plaintiff failed to raise a triable issue of fact with respect thereto (*see Boyd*, 32 AD3d at 1258; *Fura v Adam's Rib Ranch Corp.*, 15 AD3d 948, 948; *Schroth v New York State Thruway Auth.*, 300 AD2d 1044, 1045).  The area where the accident occurred was not a "passageway" that defendants were obligated to keep free of obstructions or other conditions that might cause tripping (*see Lech v Castle Vil. Owners Corp.*, 79 AD3d 819, 820; *Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 730, 731; *Boyd*, 32 AD3d at 1258; *Meslin v New York Post*, 30 AD3d 309, 310).

Although the regulations do not define the term "passageway" (*see* 12 NYCRR 23-1.4), courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area (*see Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership*, 272 AD2d 980, 981; *Bale v Pyron Corp.*, 256 AD2d 1128, 1128; *see also O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 225-226, *affd* 7 NY3d 805; *Rajkumar v Budd Contr. Corp.*, 77 AD3d 595, 595; *Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1157; *Smith v McClier Corp.*, 22 AD3d 369, 371; *Fura*, 15 AD3d at 948; *Bauer v Niagara Mohawk Power Corp.*, 249 AD2d 948, 949).  Here, plaintiff tripped on the curb of a sidewalk that bordered the parking lot and that ran along the front of the health center where he was working on the date of the accident.  Plaintiff described the parking lot as a "big . . . open parking lot" where he and other workers parked their vehicles to access the health center.  We have held that a parking lot is not a passageway within the meaning of 12 NYCRR 23-1.7 (*see Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397-1398; *see also Bonvino v Long Is. Coll. Hosp.*, 21 Misc 3d 1110[A], 2008 NY Slip Op 52034[U], *5-6; *see generally Garland v Zelasko Constr.*, 241 AD2d 953, 954).

With respect to the sidewalk itself, plaintiff "was not using [it] as a passageway when the accident occurred" (*Parker v Ariel Assoc. Corp.*, 19 AD3d 670, 672; *see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622; *cf. Hertel v Hueber-Breuer Constr. Co., Inc.*, 48 AD3d 1259, 1260).  When plaintiff tripped, he was not using the sidewalk at issue as a means of traveling between work areas or between his work area and the parking lot where his vehicle was parked.  Indeed, plaintiff testified that, during the month that he was working in the health center, he never walked on the sidewalk at issue because "[t]he johns were on them."  Rather, plaintiff stepped over the sidewalk into the parking lot, and thus the alleged passageway itself was the "obstruction" (12 NYCRR 23-1.7 [e] [1]).  Had plaintiff been using the sidewalk as a passageway, he would not

have encountered the same tripping hazard. The photographs and deposition testimony in the record establish that the portable toilets could be accessed from the sidewalk without having to navigate the curb. We therefore further modify the order by granting that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) cause of action (*see generally Coaxum v Metcon Constr., Inc.*, 93 AD3d 403, 404; *Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 938; *Verel*, 41 AD3d at 1157).

All concur except WHALEN, J., who dissents in part and votes to modify in the following Memorandum: Respectfully, I dissent with the majority insofar as they conclude that Supreme Court erred in denying that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. I would therefore affirm the order insofar as it denied that part of the motion. Contrary to the majority's determination, I conclude that defendants' submissions raised a triable issue of fact whether plaintiff was using the sidewalk as a passageway when the accident occurred. Thus, in my view, defendants failed to meet their burden of demonstrating that 12 NYCRR 23-1.7 (e) (1) is inapplicable to the facts of this case.

"12 NYCRR 23-1.7 (e) (1) does not exempt any construction site 'passageway' from its scope; it clearly requires that '*[a]ll* passageways shall be kept free from . . . obstructions or conditions which could cause tripping' " (*Smith v McClier Corp.*, 22 AD3d 369, 370). Responsibility under Labor Law § 241 (6) "extends not only to the point where the . . . work was actually being conducted, but to the entire site" (*id.* at 371 [internal quotation marks omitted]).

As noted by the majority, in this case plaintiff was exiting a portable toilet when he tripped over the curb of a sidewalk on which the toilets were located. The sidewalk bordered a parking lot and ran along the front of the health center, in which plaintiff had been working on the date of the accident. The portable toilets were placed on the sidewalk for the workers to use and thus were part of the entire work site.

Further, the purpose of a sidewalk is to provide a surface upon which a person may safely pass from one location to another. The record establishes that a worker could not access the portable toilets without stepping on the sidewalk. Thus, there is evidence that the sidewalk was a passageway that provided workers access to the portable toilets. Moreover, the record establishes that, when the door to a portable toilet opened onto the sidewalk, it created a very narrow area of the sidewalk upon which a person could step when exiting the toilet. Defendants submitted the deposition testimony of the project superintendent for defendant LPCiminelli, Inc. (Ciminelli), in which he testified that plaintiff could have exited the toilet, turned right, and walked down the sidewalk back to the work site. Instead, plaintiff chose to walk straight into the parking lot and thus tripped over the curb of the sidewalk at issue. The fact that Ciminelli's own employee testified that plaintiff could have walked on the sidewalk at issue back to the work site is sufficient to create a triable issue of fact whether that sidewalk was a passageway on which plaintiff was

injured and thus whether 12 NYCRR 23-1.7 (e) (1) was violated.

Frances E. Cafarell
Clerk of the Court