Forman v Carrier Corp. (2019 NY Slip Op 03509)





Forman v Carrier Corp.


2019 NY Slip Op 03509


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


465 CA 18-02215

[*1]TODD FORMAN, PLAINTIFF-RESPONDENT,
v
CARRIER CORPORATION, DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, SYRACUSE (AARON M. SCHIFFRIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF DAVID S. GRASSO, CENTRAL SQUARE (DAVID S. GRASSO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 11, 2018. The order, among other things, denied in part defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he allegedly sustained when he fell on the roof of defendant's building while performing asbestos remediation. We reject defendant's contention that Supreme Court erred in denying those parts of its motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). Inasmuch as plaintiff alleges that a defective condition on the premises caused the accident, defendant had the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of it in order to demonstrate its entitlement to summary judgment on those causes of action (see Verel v Ferguson Elec. Constr. Co., Inc., 41 AD3d 1154, 1156 [4th Dept 2007]; see generally Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 801-802 [2d Dept 2013]). Because defendant failed to meet its burden, the court properly denied its motion with respect to the common-law negligence and Labor Law
§ 200 causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court