Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC (2024 NY Slip Op 00379)

Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC

2024 NY Slip Op 00379

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 152214/15 Appeal No. 1546 Case No. 2023-00135 

[*1]Mario Maldonado, et al., Plaintiffs-Appellants-Respondents,
v
Hines 1045 Avenue of the Americas Investors LLC, et al., Defendants-Respondents-Appellants, Five Star Electric Corp., Defendant-Respondent. (And Other Third-Party Actions.)

Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Lawrence Worden Rainis & Bard, PC, Melville (Michael E. Shay of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered December 15, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Hines 1045 Avenue of the Americas Investors LLC, and Turner Construction Company for summary judgment dismissing plaintiff's Labor Law § 241(6) claim and denied that branch of their motion as sought summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims, unanimously affirmed, without costs.
Plaintiff, a welder, tripped over electrical conduit piping that rose vertically 5-12 inches in height from the floor surface in the lobby of a new building under construction and was injured. Defendants established prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 241(6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7(e)(2) upon proof that the protruding conduit was integral to the work being performed, namely, the installation of turnstiles in the lobby (see generally O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]). In opposition, plaintiffs failed to raise a triable issue. Plaintiffs' argument that defendants failed to offer any proof that they lacked authority to ensure that the protruding conduits were properly marked or cordoned-off for safety purposes is not a burden that can be implied from the regulatory language in 12 NYCRR 23-1.7(e)(2).
Defendants did not establish prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims. There was insufficient proof offered to show that either defendant Turner, the general contractor, or defendant Hines, the owner, lacked authority or supervision over the electrical contractor's injury-producing work (cf. O'Sullivan, 28 AD3d at 226).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024