**Lyons v New York City Economic Dev. Corp.**

2024 NY Slip Op 33440(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 160496/2015

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |
| | *Justice* | | |

-------------------------------------------------------------------X

RICHARD LYONS, and JODY LYONS,

Plaintiff,

- v -

NEW YORK CITY ECONOMIC DEVELOPMENT
CORPORATION, NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, and THE
COMPTROLLER OF THE CITY OF NEW YORK

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160496/2015 |
| **MOTION DATE** | 09/22/2023 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185

were read on this motion to/for                                   JUDGMENT - SUMMARY                          .

Upon the foregoing documents, and after final submission date of July 16, 2024, Defendants New York City Economic Development Corporation, City of New York i/s/a New York City Department of Environmental Protection ("NYCDEP"), and City of New York's (collectively, "Defendants") motion for summary judgment dismissing Plaintiffs Richard Lyons ("Plaintiff") and Jody Lyons's ("Plaintiff Jody Lyons") (collectively, "Plaintiffs") Complaint is granted.

## I.    Background

This action was commenced on October 12, 2015 following injuries sustained by Plaintiff on September 4, 2014, when he tripped and fell on a metal mesh walkway while working as a survey engineer on the Staten Island Water Siphon Tunnel Project (the "Project") (*see* NYSCEF Docs. 3, and 130 at 48:3-49:9). It is alleged that the metal mesh expanded and buckled as Plaintiff stepped on it, causing his fall (*Id.*). The metal mesh walkway served as a platform which Plaintiff

160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC
Motion No.  005

Page 1 of 8

[* 1]

stepped on it, causing his fall (*Id.*). The metal mesh walkway served as a platform which Plaintiff and other workers traversed and worked on (NYSCEF Docs. 140 at 75-76, and 143 at 60-61). Plaintiff was employed by Tully Construction Co., Inc./OHL S.A., Joint Venture ("Tully Construction"), the general contractor for the Project (NYSCEF Doc. 140 at 41:18-19). Defendant NYCDEP partially funded the Project (NYSCEF Doc. 149 at ¶ 4). Defendants move for summary judgment seeking dismissal of Plaintiffs' New York Labor Law § 200 and common law claim, as well as Plaintiffs' New York Labor Law 241(6) for an alleged violation of New York Industrial Code § 23-1.7(e)(1).

Defendants argue that they did not control Plaintiff's method or manner of work and did not create or have notice of any dangerous condition. Defendants further argue that the metal mesh walkway was an open and obvious condition that was not inherently dangerous. Defendants argue that the metal mesh walkway was a work area, and not a passageway. Even if the metal mesh walkway was considered a dangerous condition on a passageway, it was integral to the work. Plaintiffs argue that Defendants supervised Plaintiff's method and manner of work, and that the metal mesh walkway represented a dangerous condition that was undiscoverable. Plaintiff argues that the metal mesh walkway was a passageway and not integral to the Project's work because it was used to traverse the tunnel and because, hypothetically, it could be a tripping hazard.

## II. Discussion

### A. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-

**160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC**
**Motion No.  005**

**Page 2 of 8**

2 of 8

moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

### B. Plaintiffs' Labor Law § 200 and Common Law Claim

Defendants' motion seeking summary judgment and dismissal of Plaintiffs' claims under New York Labor Law § 200 and common law is granted. "Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (*Grasso v. New York State Thruway Auth.*, 159 A.D.3d 674, 678 [2d Dept 2018]). A worker's claims pursuant to § 200 are analyzed based on injuries caused either by the manner and method by which work is performed or those caused by dangerous or defective conditions at the worksite (*Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [1st Dept 2009]).

To establish supervisory control over method and manner of work, a showing that the owner or contractor controlled the way the work was performed is required (*Hughes v Tishman Constr. Corp.*, 40 Ad3d 305, 306 [1st Dept 2007]). General supervisory authority is insufficient (*Id.*). Here, this Court finds that the Defendants did not control Plaintiff's methods and manner of work. Plaintiff's argument that Defendants had authority to stop work if there was a dangerous condition is insufficient to establish supervisory control (*see* NYSCEF Doc. 148 at 25:25-26:12).

Under the dangerous or defective condition category, there must be evidence showing that the property owner or contractor created a dangerous or defective condition or had actual or

**160496/2015 LYONS, RICHARD vs. NEW YORK CITY ECONOMIC
Motion No. 005**

**Page 3 of 8**

3 of 8

[* 3]

constructive notice of it without remedying it within a reasonable time (*Grasso* at 678; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). General awareness that a dangerous or condition may exist is insufficient to constitute notice (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). "The notice must call attention to the specific defect or hazardous condition and its specific location, sufficient for corrective action to be taken" (*Mitchell v NYU*, 12 Ad3d 200 [1st Dept 2004] *citing Gordon* at 836). Liability may not be imposed where the condition is open and obvious, readily observable by the reasonable use of one's senses, and not inherently dangerous (*DiSanto v Spahiu*, 169 AD3d 861, 862 [2d Dept 2019]).

Defendants have established their *prima facie* entitlement to summary judgment based on the dangerous or defective condition category of § 200 claims. Defendants argue that they did not install the metal mesh walkway and they therefore did not create any alleged dangerous condition (NYSCEF Docs. 130 at 44:20-45:11, and 153 at 50:16-18). Defendants argue they lacked notice of any alleged dangerous or defective condition because Plaintiff failed to identify a specific area and the expanded metal was open and obvious (*see* NYSCEF Docs. 123 at ¶ 18, and 130 at 55:3-8). Defendants further argue that the alleged deflection of four to five inches that caused Plaintiff's injury is impossible, according to their expert testimony (*see* NYSCEF Doc. 123 at ¶ 14). Finally, Defendants argue that the metal mesh walkway installation and use was a normal and acceptable safety practice (*see* NYSCEF Docs. 123 para 11; 124 para 14). Plaintiffs allege that additional workers suffered injuries and that there were multiple complaints addressing the integrity of the mesh walkway (NYSCEF Doc. 130 at 76:9-77:16, 80:7-81:2). Plaintiffs further argue that the metal mesh walkway concealed its expansion and deflection, creating a dangerous condition.

The evidence does not contradict Defendants' argument that they did not create the condition. It is Plaintiffs' own testimony that non-party Tully Construction employees installed

**160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC**
**Motion No. 005**

**Page 4 of 8**

[* 4]

4 of 8

the metal mesh walkway on the Project. Therefore, the Court finds that Defendants did not create a dangerous condition for purposes of Labor Law § 200. Moreover, Plaintiffs' testimony shows that Plaintiff and other workers were aware of the metal mesh walkway and its expansion, but that Plaintiff failed to identify the specific area of the alleged defect. The Court therefore finds that the evidence provided by Plaintiff does not, without more, refute sufficiently Defendants' showing that such expansion was a safe, normal practice, nor that the metal mesh walkway was a reasonable means of providing a platform on which to work on. Thus, Defendants' motion for summary judgment is granted as to Plaintiffs' Labor Law § 200 and common law claim.

### C. Plaintiffs' Labor Law § 241(6) Claim

Defendants' motion seeking summary judgment and dismissal of Plaintiffs' claim under New York Labor Law § 241(6) is granted. Labor Law § 241(6) provides:

> "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

(*Bazdaric v Almah Partners LLC*, 209 NYS3d 310, 314 (2024]). An owner or general contractor "is vicariously liable without regard to [their] fault," and "even in the absence of control or supervision of the worksite," where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation (*Id.* at p. 317). The relevant Industrial Code should be sensibly interpreted and applied (*Id.*). Industrial Code § 23-1.7(e)(1) provides that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping" (12 NYCRR § 23-1.7[e][1]). A defendant may defeat a claim under Labor Law § 241(6) for a violation of Industrial Code § 23-1.7(e)(1) when a dangerous or defective

**160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC**
**Motion No. 005**

Page 5 of 8

condition is integral to the work performed (*Krzyzanowski v City of New York*, 179 Ad3d 479, 480 [1st Dept 2020]; *O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]). The "integral-to-the-work" defense doctrine "applies only when a dangerous condition is inherent to the task at hand, and not . . . when a defendant or third party's negligence created a danger that was avoidable without obstructing the work or imperiling the worker" (*Bazdaric* at 320).

The Defendants have established their *prima facie* entitlement to a grant of summary judgment. Defendants argue that the metal walkway mesh was not a passageway within the meaning of Industrial Code § 23-1.7(e)(1), but a flat walking surface that constituted the Project's work area (*see* NYSCEF Doc. 123 at ¶ 11). Defendants further argue that, even if the metal mesh walkway were a passageway, Industrial Code § 23-1.7(e)(1) was not violated because the mesh walkway was an integral part of the work carried out on the Project (*see* NYSCEF Doc. 130 at 59:22-25). In support, Defendants submit an engineering expert's testimony that the metal mesh was not inherently dangerous, a hazard, or an unreasonable risk under the circumstances (*Id.* at ¶ 12). Moreover, Defendants' engineering expert testified that the metal mesh walkway "complied with the industry standards for safety" and "made the [P]roject safer" (*Id.* at ¶ 15). Defendants also submitted the testimony of a senior biomechanics and human factors engineering expert that the use of expanded metal spreaders provided a reasonable means for creating a walking surface to avoid the circular tunnel invert (NYSCEF Doc. 124 at ¶ 14). According to the testimony, this would allow workers the ability to traverse and operate on the Project and prevent injury (*Id.*).

Plaintiffs argue that the metal mesh walkway was a passageway that Plaintiff needed to traverse to access his work area (NYSCEF Docs. 140 at 75:25-76:8, and 148 at 61:5-12). Plaintiff further argues that the mesh walkway was not Plaintiff's work area because Plaintiff did not "actively work" on it. The metal mesh walkway was not integral to the work because it could,

160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC
Motion No. 005

Page 6 of 8

"hypothetically," be a tripping hazard if it expanded (NYSCEF Doc. 148 at 64:21-65:19). Plaintiff submits his testimony that at the time of the accident he was walking on the metal mesh walkway to perform his work (NYSCEF Doc. 130 at 48:6-14). Additionally, testimony of an Tully Construction Site Safety Manager alleges that there had been complaints about the metal mesh walkway's deflection and attempts to install a thicker mesh that ultimately caused problems with train cars derailing (NYSCEF Docs. 130 at 79:18-22, and 153 at 81:3-7, 91:22-93:2).

Plaintiff has failed to rebut the Defendants' showing that the metal walkway constituted the Project's work area (*see Conlon v Carnegie Hall Society, Inc.*, 159 AD3d 655-656 [1st Dept 2018] [finding that a staircase was a work area when work was required to be conducted on it and it served as the sole means of access to the plaintiff's work area]. Plaintiff's unsupported allegation that he needed to traverse the metal mesh walkway to reach an area to work at does not, without more, rebut Defendants' expert testimony that the metal mesh walkway constituted a work area (*see McHugh v Peduto Constr. Corp.*, 225 AD3d 496, 497 [1st Dept 2024] [contradictory deposition testimony, absent any supporting evidentiary proof, was merely surmise or conjecture insufficient to raise an issue of fact to defeat a motion for summary judgment]).

Moreover, Defendants established that the metal mesh walkway was integral to the work on the Project. The evidentiary proof offered by Plaintiffs does not dispute this (*see Weitz v Bernstein*, 194 AD3d 592, 593 [1st Dept 2021] [a plaintiff failed to raise an issue of fact when the movant's expert testimony was not contradicted by the available evidence]). At best, Plaintiff's and the Tully Construction Site Safety Manager's allegations constitute speculation as to the integrity of the metal mesh walkway and whether it was an unavoidable condition. Additionally, Plaintiffs' testimony shows that attempts to alter the metal mesh walkway obstructed the Project's

**160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC**
**Motion No. 005**

Page 7 of 8

7 of 8

work. Therefore, Defendant's motion for summary judgment is granted as to Plaintiffs' New York Labor Law § 241(e)(1) claim for a violation of New York State Industrial Code § 23-1.7(e)(

Accordingly, it is hereby,

ORDERED that Defendants New York City Economic Development Corporation, City of New York i/s/a New York City Department of Environmental Protection, and City of New York's motion for summary judgment dismissing Plaintiffs' Complaint is granted; and it is further

ORDERED that within ten days of entry, counsel for Defendants New York City Economic Development Corporation, City of New York i/s/a New York City Department of Environmental Protection, and City of New York shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | _Mary V Rosado JSC_ | |
|:---:|:---:|:---:|:---:|:---:|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160496/2015  LYONS, RICHARD vs. NEW YORK CITY ECONOMIC**
**Motion No. 005**

**Page 8 of 8**

8 of 8

[* 8]