◼ ANN ZANOTTA et al., Respondents, v HAUGHTON ELEVATOR COMPANY, a Division of RELIANCE ELECTRIC COMPANY, INC., et al., Defendants, and OTIS ELEVATOR, INC., Appellant.— Mahoney, P. J. Appeal from that part of an order and judgment of the Supreme Court (Harris, J.), entered July 10, 1990 in Albany County, which denied a cross motion by defendant Otis Elevator, Inc. for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action seeking recovery for personal injuries allegedly sustained in an elevator accident occurring in Building No. 5 at the State Office Campus in Albany County in November 1985. The incident involved plaintiff Ann Zanotta's attempt to enter the elevator at which time the door allegedly closed upon her, causing injury to her back and shoulder area. The complaint initially alleged defects in the elevator doors due to the negligent design, manufacture, installation and maintenance of the elevators by what is now known as defendant Schindler Elevator Corporation. An amended complaint subsequently added defendant Otis Elevator, Inc., the company that serviced the elevator from June 1982 through November 1987 pursuant to a contract with the State. Both Schindler and Otis eventually moved for summary judgment dismissing the complaint and any cross claims against them. Supreme Court granted Schindler summary judgment but denied Otis' cross motion, concluding that plaintiffs "submitted circumstantial evidence of sufficient probative force to raise a triable issue of fact as to Otis Elevator's negligent maintenance and repair of the subject elevator". Otis now appeals.

We affirm. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" *(Rogers v Dorchester Assocs.,* 32 NY2d 553, 559 [citations omitted]). Here, plaintiffs' papers in opposition to Otis' cross motion, which included proof of previous accidents and alleged verbal reports to repairers of elevator defects, were sufficient to raise triable issues of fact regarding Otis' alleged negligence in maintaining the elevator in question *(see, supra).* Accordingly, summary judgment was properly denied.

Casey, Weiss, Mikoll and Harvey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.