■ JANICE BROWNING et al., Appellants, v MEADOWLANDS PROFESSIONAL PARK, INC., et al., Respondents. [678 NYS2d 223] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Janice Browning (plaintiff) sustained injuries when an elevator door allegedly closed abruptly, striking her right arm. Plaintiffs commenced this action against Meadowlands Professional Park, Inc. (Meadowlands), the owner of the building, and Niagara Elevator, Inc. (Niagara), the company with which Meadowlands contracted to perform inspection, repair and maintenance of the elevator.

Supreme Court properly granted the motion of Meadowlands for summary judgment dismissing the complaint and cross claims against it. As the owner of the building, Meadowlands may not be held liable for injuries resulting from an elevator malfunction where, as here, it had an exclusive maintenance contract with Niagara, an elevator company, to inspect, maintain and repair the elevator and had neither actual nor constructive notice of a defective condition (*see, Warner v Historic Hudson Riv. Heritage Dev. Corp.,* 235 AD2d 987, 989; *see generally, Appleby v Webb,* 186 AD2d 1078, 1079). Meadowlands met its initial burden on the motion, and plaintiffs failed to raise an issue of fact with respect to notice.

The court erred, however, in granting that part of the motion of Niagara for summary judgment dismissing the complaint and cross claims against it insofar as they allege that Niagara was negligent in its maintenance, servicing and inspection of the elevator. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.,* 32 NY2d 553, 559; *see also, Zanotta v Haughton El. Co.,* 175 AD2d 449). In our view, the evidence submitted by plaintiffs is sufficient to raise triable issues of fact regarding Niagara's alleged negligence in maintaining the elevator (*see,*

*Zanotta v Haughton El. Co., supra).* (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.