■ JOYCE SCHEIFLA, Respondent, v BENCHMARK MANAGEMENT CORPORATION et al., Appellants, and MILLAR ELEVATOR SERVICE COMPANY, Respondent. [705 NYS2d 749] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of Benchmark Management Corporation, the manager of an office building, and Maple Development Associates, the owner of the building, (defendants) for summary judgment dismissing the amended complaint against them. Plaintiff alleged that she suffered injury because the elevator "misleveled". Defendants "may not be held liable for injuries resulting from an elevator malfunction where, as here, [the owner of the building] had an exclusive maintenance contract with * * * an elevator company, to inspect, maintain and repair the elevator and [neither defendant] had [either] actual [or] constructive notice of a defective condition" (*Browning v Meadowlands Professional Park*, 254 AD2d 725). Here, defendants failed to meet their initial burden of establishing lack of notice as a matter of law.

Defendants submitted the affidavit of their maintenance manager stating that defendants had not received any notice

of a "misleveling" problem with the elevator. That affidavit is insufficient to establish lack of notice, however, because the maintenance manager was not the person who would have received notice of such a problem and thus would not necessarily know if defendants had been notified of a problem with the elevator. If a tenant reported a problem with the elevator, the receptionist employed by defendants would receive the report and would notify defendant Millar Elevator Service Company (Millar), with whom defendants had an exclusive elevator service contract. Without a statement in admissible form from the receptionist, defendants failed to establish lack of notice as a matter of law. Because defendants have not established lack of actual notice, the court also properly denied the alternative motion of defendants for summary judgment on their cross claim for indemnification against Millar. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.