■ CLAUDIA DEVINE et al., Respondents, v 77 WATER STREET, INC., Defendant, and WBS COMMERCIAL CONSTRUCTION SERVICES, INC., et al., Appellants. WBS COMMERCIAL CONSTRUCTION SERVICES, INC., Third-Party Plaintiff-Appellant-Respondent, v W.J.S., INC., Third-Party Defendant-Respondent-Appellant. (And Other Actions.) [708 NYS2d 619] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered March 29, 1999, which, to the extent appealed from, denied those branches of defendant W.J.S.'s motion, and those branches of the cross motions of defendant WBS Commercial Construction Services, defendant Wildman & Bernhardt, and defendant Municipal Electric Company for summary judgment dismissing plaintiffs' claims of violations of Labor Law §§ 200 and 241 (6) and common-law negligence, unanimously affirmed, without costs.

Plaintiffs' assertion of 12 NYCRR 23-1.7 (e) (2) was procedurally acceptable (*see, Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231), and raised a triable issue of fact as to whether the complained of tripping hazard was an integral part of plaintiff employee's work (*see, Lenard v 1251 Ams. Assocs.*, 241 AD2d 391, 394). There is also a question of fact as to the general contractors' authority to control "plaintiff's activities, the manner of [the employer's] work or the overall operation and safety of this worksite" (*Rice v City of Cortland*, 262 AD2d 770, 773), and whether or not the workplace danger was

from a "readily observable condition" (*Dorr v General Elec. Co.*, 235 AD2d 883, 885). We have considered appellants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.