JOHN SZAFRANSKI, Respondent, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant, et al., Defendant. (Appeal No. 1.) [773 NYS2d 332]—

Appeal from an order of the Supreme Court, Erie County

(Salvatore R. Martoche, J.), entered July 29, 2003. The order granted plaintiff's motion for partial summary judgment on liability in a personal injury action.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: In appeal No. 1, Niagara Frontier Transportation Authority (defendant) contends that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment on liability against it with respect to Labor Law §§ 200 and 241 (6) and, in appeal No. 3, defendant contends that the court erred in adhering to its prior decision after granting that part of defendants' subsequent motion seeking leave to reargue. We note at the outset that defendant's appeal from the order in appeal No. 1 must be dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We agree with defendant, however, that plaintiff is not entitled to partial summary judgment on liability against it with respect to Labor Law §§ 200 and 241 (6), and we therefore modify the order in appeal No. 3 accordingly.

Plaintiff, an employee of a subcontractor hired by defendant DiPizio Construction Co. (DiPizio) to conduct pressurized air tests in underground storm sewer pipes, was injured when an inflatable plug blew out of one of the pipes. It is undisputed that the contract between defendant and DiPizio required that any inflatable plug be braced before a pressurized air test was conducted and that the instant plug was not braced. Even assuming, arguendo, that plaintiff established that defendant exercised supervision and control over the work of plaintiff's employer, we conclude that defendant raised an issue of fact whether it exercised the requisite supervision or control over the pressurized air tests. Thus, plaintiff is not entitled to partial summary judgment on liability against defendant with respect to Labor Law § 200. Defendant's engineer spent approximately one hour per day at the construction site, and defendant contracted with third-party defendant, TVGA Engineering, Surveying, P.C. (TVGA), to oversee and monitor the construction project. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under . . . Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *see Gielow v Rosa Coplon Home,* 251 AD2d 970, 972-973 [1998], *lv dismissed and denied* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999]).

We further agree with defendant that the court erred in grant-

ing that part of plaintiff's motion seeking partial summary judgment on liability against it with respect to Labor Law § 241 (6). Contrary to the court's determination, the issue whether either the air compressor or the gauge on the air compressor is a hand tool within the meaning of 12 NYCRR 23-1.10 (b) is one of law for the court to resolve (*see Millard v City of Ogdensburg,* 274 AD2d 953, 954 [2000]), and we conclude that neither the air compressor nor the gauge is a hand tool within the meaning of that section (*cf. Shields v General Elec. Co.,* 3 AD3d 715 [2004]). Thus, the Labor Law § 241 (6) claim lacks merit to the extent that plaintiff relies on the alleged violation of 12 NYCRR 23-1.10 (b) in support thereof. In addition, plaintiff failed to establish his entitlement to judgment as a matter of law on the section 241 (6) claim to the extent that he contends that defendant is vicariously liable for the violation of 12 NYCRR 23-9.2 (a), requiring that power-operated equipment shall be maintained in good repair and proper operating condition. It is well established that "the violation of a specific provision of the Industrial Code, even if admitted by defendant, does not establish negligence as a matter of law but is merely some evidence to be considered on the question of a defendant's negligence" (*Russell v Baker Rd. Dev.,* 278 AD2d 790, 790 [2000], *lv dismissed* 96 NY2d 824 [2001] [internal quotation marks omitted]).

With respect to appeal No. 2, we conclude that the court properly granted the motion of TVGA seeking summary judgment dismissing the third-party complaint. The contract between TVGA and defendant provided that TVGA would defend and indemnify defendant for injuries in the event of TVGA's negligence. TVGA established as a matter of law that it was not negligent and thus has no duty to defend or indemnify defendant, and defendant failed to raise an issue of fact (*see Colyer v K Mart Corp.,* 273 AD2d 809, 809-810 [2000]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.