■ THOMAS J. MESLIN et al., Appellants, v THE NEW YORK POST, Defendant, and McCLIER CORPORATION, Respondent. McCLIER CORPORATION et al., Third-Party Plaintiffs-Appellants, v ARCHITECTURAL ROOFING AND SIDING, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. McCLIER CORPORATION et al., Second Third-Party Plaintiffs-Respondents, v GOODISON METAL COMPANY et al., Second Third-Party Defendants-Appellants, et al., Second Third-Party Defendants. (And Another Action.) [817 NYS2d 279]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 24, 2005, which denied plaintiffs' motion for summary judgment under Labor Law § 240 (1), granted defendants' cross motion for summary judgment dismissing plaintiffs' causes of action in common-law negligence and under Labor Law § 240 (1), § 241 (6) and § 200, and denied as moot defendants' motion for contribution and indemnification, unanimously affirmed, without costs.

Plaintiff Thomas Meslin was allegedly injured at a construction site when he stepped off a scaffold, which was at ground level, onto a pipe, which then rolled and caused him to fall into a three-foot hole. Injuries sustained under these circumstances are not compensable under Labor Law § 240 (1), since the accident was not attributable to the kind of extraordinary elevation-related risk contemplated by the statute (*see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914 [1999]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]).

The alleged violation of Industrial Code (12 NYCRR) § 23-1.5, a regulation that sets only general safety standards, would not constitute a basis for a claim under Labor Law § 241 (6). The open area near the scaffold upon which Meslin had been working was not a "passageway" or walkway covered by section 23-1.7 (e) (1) of the Code (*see Dalanna v City of New York*, 308 AD2d 400 [2003]), nor was the spot where his fall occurred a "working area" within the meaning of section 23-1.7 (e) (2) (*see Muscarella v Herbert Constr. Co.*, 265 AD2d 264 [1999]).

As to the Labor Law § 200 and common-law negligence claims, defendants established that they did not directly supervise or control the work of the subcontractors (*see Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]), and had no notice of any specific dangerous conditions (*see Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). Plaintiffs failed to raise an issue of fact as to these elements. Even if not moot, the motion for contribution and indemnification was properly denied on the merits.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.