■ THEODORE ARENAS, Respondent, v THE BON-TON DEPARTMENT STORES, INC., Appellant, and SCHULER-HAAS CORP., Respondent-Appellant, et al., Defendant. [829 NYS2d 297]—

Appeals from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered August 22, 2005 in a personal injury action. The order, among other things, denied the motions of defendants the Bon-Ton Department Stores, Inc. and Schuler-Haas Corp. for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while installing drywall in a building owned by defendant The Bon-Ton Department Stores, Inc. (Bon-Ton). According to the deposition testimony of plaintiff, he tripped and fell over what he described as a piece of flexwire that was one inch in diameter and 10 to 12 inches in length. Plaintiff testified at

his deposition that he cleared a path approximately four feet in width from the drywall cart where he cut the drywall to his worksite approximately 100 feet away. Approximately 20 times prior to his accident, he traversed the area where employees of defendant Schuler-Haas Corp. (Schuler-Haas), the electrical subcontractor, were working at an elevated site. Plaintiff testified that when he looked at the path approximately three minutes before he fell he did not observe any obstruction. He also testified that he had observed an employee of Schuler-Haas throw four pieces of flexwire to the floor approximately 10 minutes before his accident.

We conclude that Supreme Court erred in granting those parts of plaintiff's cross motion seeking partial summary judgment on liability under Labor Law § 241 (6) against Bon-Ton and Schuler-Haas upon determining that those defendants violated 12 NYCRR 23-2.1 (b) and 23-1.7 (e) (2). We therefore modify the order accordingly. The court properly determined that 12 NYCRR 23-2.1 (b) is sufficiently specific to support a cause of action pursuant to Labor Law § 241 (6) (*see Scally v Regional Indus. Partnership*, 9 AD3d 865, 868 [2004]). In addition, the court properly determined that 12 NYCRR 23-1.7 (e) (2) is applicable because the object over which plaintiff tripped was not an integral part of the work he was performing (*see Maza v University Ave. Dev. Corp.*, 13 AD3d 65, 66 [2004]; *cf. Cooper v Sonwil Distrib. Ctr., Inc.*, 15 AD3d 878, 879 [2005]). We nevertheless conclude, however, that the court erred in determining that Bon-Ton and Schuler-Haas violated those regulations as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In any event, even assuming, arguendo, that those defendants violated one or both of the regulations, we note that it is well established that the violation of an Industrial Code regulation "does not establish negligence as a matter of law but is 'merely some evidence to be considered on the question of a defendant's negligence'" (*Schmeer v County of Monroe*, 175 AD2d 633, 633-634 [1991]; *see Szafranski v Niagara Frontier Transp. Auth.*, 5 AD3d 1111, 1113 [2004]; *Russell v Baker Rd. Dev.*, 278 AD2d 790 [2000], *lv dismissed* 96 NY2d 824 [2001]).

We conclude that the court also erred in granting that part of plaintiff's cross motion seeking partial summary judgment on liability under Labor Law § 200 against Schuler-Haas, and we therefore further modify the order accordingly. Although Schuler-Haas lacked authority to supervise and control plaintiff's work, its contract with Bon-Ton provided that it was responsible for the "housekeeping" of its work area. We

therefore conclude that Schuler-Haas acted as an agent of Bon-Ton with respect to the duty pursuant to Labor Law § 200 (1) to keep the work area reasonably safe (*cf. Severino v Hohl Indus. Servs.*, 300 AD2d 1049, 1049-1050 [2002]; *see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]). Nevertheless, we conclude that Schuler-Haas raised an issue of fact whether it breached its duty to "provide reasonable and adequate protection to the . . . safety of all persons employed [at the site]" (Labor Law § 200 [1]).

We conclude that the court properly denied the motion of Bon-Ton to the extent that it sought summary judgment on that part of its cross claim for contractual indemnification against Schuler-Haas. "The indemnification provision is triggered only in the event of a finding of negligence on the part of [Schuler-Haas, and] [t]here is no basis in the record to find such negligence as a matter of law" (*Colyer v K Mart Corp.*, 273 AD2d 809, 809-810 [2000]; *see Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235, 1237 [2005]). We further conclude that the court properly denied the motion of Bon-Ton to the extent that it sought summary judgment on that part of its cross claim for common-law indemnification against Schuler-Haas. There are " 'issues of material fact concerning the precise degree of fault attributable to each party involved' " (*Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 489 [2006]). Present—Scudder, P.J., Martoche, Centra and Green, JJ.