■ ANDREW TORRES, Appellant, v FOREST CITY RATNER COMPANIES, LLC, et al., Respondents. [933 NYS2d 71]—

The plaintiff was a sheet metal worker who was installing duct work for the subject construction project. When the plaintiff's work was done for the day, he returned his tools to his employer's gang box on the floor on which he was working. To the left of the gang box was a row of trash containers and to the right was the hoist or lift which was the only way to exit the building. There was a "raw," unhinged door on the floor about a foot away from the gang box and, according to the plaintiff,

there was no other way to the lift than by walking over the door. The plaintiff testified at his deposition that the door had been laying upon loose pipes. As the plaintiff stepped on the door, it rolled away from him. He fell, and allegedly sustained injuries.

The Supreme Court improperly granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 241 (6), which was predicated on Industrial Code (12 NYCRR) § 23-1.7 (e). The defendants failed to establish the absence of triable issues of fact as to whether the materials which caused the plaintiff's injury were integral to the work being performed (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]; *Aragona v State of New York*, 74 AD3d 1260, 1260 [2010]; *Collins v Switzer Constr. Group, Inc.*, 69 AD3d 407, 408 [2010]; *Arenas v Bon-Ton Dept. Stores, Inc.*, 35 AD3d 1205, 1205 [2006]; *Giza v New York City School Constr. Auth.*, 22 AD3d 800 [2005]; *Maza v University Ave. Dev. Corp.*, 13 AD3d 65, 66 [2004]; *Devine v 77 Water St.*, 272 AD2d 220 [2000]). According to the plaintiff, he and his coworkers did not use the door or the pipes in their work. The plaintiff stated that although he had seen doors being installed elsewhere in the building, there were no doors installed on that floor yet and he did not see doors being installed that day. Walls had not yet been erected on that floor.

Moreover, the defendants failed to establish the absence of triable issues of fact regarding whether the door and loose pipes represented a "tripping [or] other hazard" as contemplated by Industrial Code (12 NYCRR) § 23-1.7 (e) (*cf. Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040, 1041 [2010]; *Romeo v Property Owner [USA] LLC*, 61 AD3d 491, 492 [2009]).

Finally, the defendants failed to show the absence of a triable issue of fact as to whether the plaintiff was injured in a passageway (*see Aragona v State of New York*, 74 AD3d at 1261; *Canning v RFD 82nd St.*, 285 AD2d 439 [2001]) or a working area (*see Harkin v City of New York*, 69 AD3d 901, 902 [2010]; *Maza v University Ave. Dev. Corp.*, 13 AD3d at 65-66) as contemplated by Industrial Code (12 NYCRR) § 23-1.7 (e).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 241 (6). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.