# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**
**CA 12-01554**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

PAUL J. SMITH, PLAINTIFF-RESPONDENT,

      V              MEMORANDUM AND ORDER

NESTLE PURINA PETCARE COMPANY,
DEFENDANT-APPELLANT.
-------------------------------------------
NESTLE PURINA PETCARE COMPANY, THIRD-PARTY
PLAINTIFF-APPELLANT-RESPONDENT,

      V

E.E. AUSTIN & SON, INC., THIRD-PARTY
DEFENDANT-RESPONDENT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (ARLOW M. LINTON OF COUNSEL), FOR
DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (JERRY MARTI OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered February 17, 2012. The order denied the motions of defendant-third-party plaintiff and the cross motion of third-party defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant-third-party plaintiff and the cross motion of third-party defendant for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims except insofar as the latter claim is based on the alleged violation of 12 NYCRR 23-1.7 (e) (2) and dismissing those claims to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action against defendant-third-party plaintiff, Nestle Purina Petcare Company (Nestle), seeking damages for injuries he sustained when he "slip[ped] and/or trip[ped]" and fell while working on a construction project inside a grain silo owned by Nestle. Nestle subsequently commenced a third-party action against plaintiff's

employer, third-party defendant, E.E. Austin & Son, Inc. (Austin), which had entered into a written contract with Nestle to modify the interior of the silo. Immediately before the accident, plaintiff was standing on a ladder while vacuuming grain dust off the top of a hose rack. Plaintiff stepped off the ladder and onto accumulated grain dust and a hose that was hanging off the rack, whereupon he twisted his ankle and fell. Nestle moved for summary judgment seeking contractual indemnification in its third-party action and for summary judgment dismissing plaintiff's complaint. Austin cross-moved for summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) claims and for summary judgment determining that Nestle is not entitled to contractual indemnification from Austin. Nestle appeals and Austin cross-appeals from an order denying their respective motions and cross motion.

We conclude that Supreme Court erred in denying those parts of Nestle's motion and Austin's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action inasmuch as "plaintiff's injury resulted from a separate hazard wholly unrelated to the danger that brought about the need for the ladder in the first instance—an unnoticed or concealed object on the floor" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916; *see Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825; *Meslin v New York Post*, 30 AD3d 309, 310). We therefore modify the order accordingly.

We reject the further contentions of Nestle and Austin that the court erred in denying those parts of their motion and cross motion for summary judgment with respect to plaintiff's Labor Law § 241 (6) cause of action insofar as it is based upon an alleged violation of 12 NYCRR 23-1.7 (e) (2). That regulation provides in relevant part that "[t]he parts of floors . . . where persons work or pass shall be kept free . . . from scattered tools and materials . . . insofar as may be consistent with the work being performed." Although that regulation "is applicable because the object[, i.e., the hose,] over which plaintiff tripped was not an integral part of the work he was performing" (*Arenas v Bon-Ton Dept. Stores, Inc.*, 35 AD3d 1205, 1206), on this record there is an issue of fact whether the hose constituted a scattered tool that was a tripping hazard within the meaning of 12 NYCRR 23-1.7 (e) (2) (*see Torres v Forest City Ratner Cos., LLC*, 89 AD3d 928, 929; *Cafarella v Harrison Radiator Div. of Gen. Motors*, 237 AD2d 936, 938; *see generally Arenas*, 35 AD3d at 1206). Contrary to the contentions of Nestle and Austin, plaintiff may properly rely on that regulation despite the fact that it is raised for the first time in opposition to the motion and cross motion and is not set forth in the complaint or bill of particulars inasmuch as plaintiff's reliance thereon "raises no new factual allegations or theories of liability and results in no discernible prejudice to [Nestle and Austin]" (*Landon v Austin*, 88 AD3d 1127, 1129-1130; *see Sanders v St. Vincent Hosp.*, 95 AD3d 1195, 1196; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233).

We conclude, however, that the court erred in denying those parts of Nestle's motion and Austin's cross motion for summary judgment

dismissing the Labor Law § 241 (6) cause of action to the extent that it is based upon an alleged violation of 12 NYCRR 23-1.7 (d), and we therefore further modify the order accordingly. Pursuant to that regulation, "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." That regulation is not applicable to the facts of this case because "the [grain dust] on which plaintiff slipped was the very condition he was charged with removing" and thus was an integral part of the task plaintiff was performing (*Gaisor v Gregory Madison Ave., LLC*, 13 AD3d 58, 60; *see Galazka v WFP One Liberty Plaza Co., LLC*, 55 AD3d 789, 789, *lv denied* 12 NY3d 709; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959, 959). Furthermore, we note that plaintiff on appeal has abandoned any reliance on the remaining regulations set forth in his bill of particulars with respect to the basis for the alleged violation of Labor Law § 241 (6), and we thus additionally modify the order by granting the motion and cross motion for summary judgment dismissing the Labor Law § 241 (6) claim to that extent as well (*see Roosa v Cornell Real Prop. Servicing, Inc.*, 38 AD3d 1352, 1354; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to Nestle's contention, the court properly denied that part of its motion for summary judgment dismissing plaintiff's Labor Law § 200 claim and common-law negligence cause of action. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295). Nevertheless, plaintiff " 'need not establish that [Nestle] had supervisory control over the work being performed in the event that the accident was caused by a defective condition on the premises and [Nestle] had actual [or] constructive notice of such defect' " (*Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1295; *see Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1587). Here, Nestle "failed to show that it did not create the dangerous condition or that it lacked control over the premises and lacked actual or constructive notice of the dangerous condition" (*Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156).

Finally, we conclude that the court properly denied those parts of the motion of Nestle and the cross motion of Austin for summary judgment on the issue of Nestle's entitlement to contractual indemnification from Austin. "An indemnification agreement will be deemed void and unenforceable if the party seeking indemnification was itself negligent" (*Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1268, *amended on rearg* 2 AD3d 1485; *see* General Obligations Law § 5-322.1; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794, *rearg denied* 90 NY2d 1008). Contrary to the contentions of Nestle and Austin, there is a triable issue of fact whether Nestle was negligent, and we therefore "are unable to determine at this stage of the litigation whether the indemnity provision in the contract between [Nestle] and [Austin] violates General Obligations Law § 5-322.1" (*Miller v Pike Co., Inc.*, 52 AD3d

1240, 1241).  Contrary to Austin's further contention, Workers' Compensation Law § 11 does not bar Nestle from seeking contractual indemnification from Austin inasmuch as the contract between them contains an express indemnification provision (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 431-432).  Contrary to Nestle's further contention, the contract's indemnification provision does not contain limiting language that insulates it from the ambit of General Obligations Law § 5-322.1 (*see generally Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 207-209; *Ostuni v Town of Inlet*, 64 AD3d 854, 855).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court