■ GUSTAVO PEREZ, Appellant, v HUDSON DESIGN ARCHITECTURE & CONSTRUCTION MANAGEMENT, PLLC, Respondent, et al., Defendants. [994 NYS2d 664]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered November 28, 2012, as granted the motion of the defendant Hudson Design Architecture & Construction Management, PLLC, for summary judgment dismissing the complaint insofar as asserted against it, and denied his cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

The defendant Hudson Design Architecture & Construction Management, PLLC (hereinafter Hudson Design), established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) by demonstrating that it did not have supervisory control and authority over the activity which brought about the plaintiff's injury (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]). Furthermore, Hudson Design established

its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) by demonstrating that the alleged violation of 12 NYCRR 23-1.21 (e) (3) was not a proximate cause of the accident (*see Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 706-707 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of this determination, the parties' remaining contentions need not be addressed.

Accordingly, the Supreme Court properly granted Hudson Design's motion for summary judgment dismissing the complaint insofar as asserted against it, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against Hudson Design. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.