◼ HIKMAT ZUBAIDI et al., Plaintiffs, v JAMIL HASBANI, Also Known as JIMMY HASBANI, Appellant, and MRM DEVELOPMENT CORP., Respondent. [24 NYS3d 202]—

In an action to recover damages for personal injuries, etc., the defendant Jamil Hasbani, also known as Jimmy Hasbani, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated August 21, 2014, as, upon reargument, granted that branch of the cross motion of the defendant MRM Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, granted that branch of the cross motion which was for summary judgment dismissing the cross claim against it.

Ordered that the appeal from so much of the order as, upon reargument, granted that branch of the cross motion of the defendant MRM Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant MRM Development Corp. payable by the appellant.

The plaintiff Hikmat Zubaidi, a plumber, allegedly was injured when he fell from stairs on premises owned by Jamil Hasbani, also known as Jimmy Hasbani, that were being renovated by, among others, MRM Development Corp. (hereinafter MRM). Zubaidi, and his wife suing derivatively, commenced this action against Hasbani and MRM, alleging causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Hasbani asserted a cross claim against MRM for common-law indemnification.

Upon reargument, the Supreme Court properly granted that branch of MRM's cross motion which was for summary judgment dismissing Hasbani's cross claim against it for common-law indemnification. " 'In order to establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury' " (*Wahab v Agris & Brenner, LLC*, 102 AD3d 672, 674 [2013], quoting *Hart v Commack Hotel, LLC*, 85 AD3d 1117, 1118-1119 [2011]). Here, MRM established, prima facie, that it was not responsible for negligence that contributed to the accident, and that it lacked the authority to direct, supervise, and control the work giving rise to the injury. In opposition, Hasbani failed to raise a triable issue of fact. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.