Quigley v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 08577)





Quigley v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 08577


Decided on December 13, 2018


Appellate Division, First Department


Tom, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Rosalyn H. Richter
Sallie Manzanet-Daniels
Judith J. Gische
Peter Tom,JJ.


22509/14 7536 

[*1]Thomas Quigley, et al., Plaintiffs-Appellants-Respondents,
v
Port Authority of New York and New Jersey, et al., Defendants-Respondents-Appellants.



Cross appeals from an order of the Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 13, 2017, which, insofar as appealed from, as limited by the briefs, denied plaintiffs' cross motion for summary judgment on the Labor Law § 241(6) claim, granted that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 241(6) claim predicated on Industrial Code 12 NYCRR 23-1.7(d) and (e)(1), and denied that part of defendants' motion seeking dismissal of the § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(2) and the common-law negligence and Labor Law § 200 claims.




Sacks and Sacks, LLP, New York (Scott N. Singer of counsel) for appellants-respondents.
Gerber Ciano Kelly Brady, LLP, Buffalo (Patrick B. Omilian of counsel), for respondents-appellants.



TOM, J.


Plaintiff Thomas Quigley was injured when he slipped on a pile of snow-covered pipes located directly outside the entrance door of his employer's work site shanty. The Labor Law § 241(6) claim predicated on a violation of 12 NYCRR 23-1.7(d) should not have been dismissed [*2]because there was an issue of fact as to whether the accident occurred in a walkway. There were conflicting accounts of whether the pipes were located in a manner that impeded ingress and egress into the shanty.
12 NYCRR 23-1.7(e)(1) is inapplicable to Quigley's accident. "Although the regulations do not define the term passageway' ..., courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1250 [4th Dept 2013]; see Meslin v New York Post, 30 AD3d 309, 310 [1st Dept 2006]).
However, in contrast to 12 NYCRR 23-1.7(d) which pertains to slipping hazards on a "floor, passageway, walkway, scaffold, platform or other elevated working surface," 12 NYCRR 23-1.7(e)(1) is limited to passageways. A "passageway" is commonly defined and understood to be "a typically long narrow way connecting parts of a building" and synonyms include the words corridor or hallway (see Merriam-Webster's online Thesaurus). In other words, it pertains to an interior or internal way of passage inside a building.
Indeed, McCullough and Thomas, in which we found doorways and the areas immediately adjacent to them to constitute passageways, both involved accidents that occurred in the interiors of buildings. In Thomas, the plaintiff was working on the interior of the 42d floor of a building when he walked through a corridor and tripped on material in front of a doorway leading to a deck. In McCullough, the plaintiff's accident occurred "while he was passing from an exterior roof on a construction site to an interior room, moved his left foot across an approximately one- or two-foot-high threshold in a doorway, and stepped into an uncovered drain hole' in the floor directly behind the threshold, causing him to fall to the floor" (132 AD3d at 492). The accident involved in this case, caused by pipes in an outdoor area near the shanty door, is entirely distinguishable from an accident occurring in an internal hallway or interior side of a doorway. Thus, the Labor Law § 241(6) claim based on 12 NYCRR 23-1.7(e)(1) was properly dismissed.
The court properly denied defendant's motion as to the claim predicated on 12 NYCRR 23-1.7(e)(2). The workers "at the site routinely traversed th[e area adjacent to the shanty] as their only access to equipment. . .[which made] it arguably an integral part of the work site." Given the proximity of the pipes to the shanty, it is submitted that there is a triable issue "as to whether the spot where [Quigley's] fall occurred was a working area' within the meaning of 12 NYCRR 23-1.7(e)(2)" (Smith v Hines GS Props., Inc., 29 AD3d 433, 433 [1st Dept 2006]; see also Maza v University Ave. Dev. Corp., 13 AD3d 65, 66 [1st Dept 2004]).
Although unaddressed by the motion court, there is also an issue of fact regarding whether the pipes were safely stored, pursuant to 12 NYCRR 23-2.1(a)(1) (see Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 410 [1st Dept 2013]).
Finally, the court properly denied defendants' motion seeking dismissal of the common-law negligence and Labor Law § 200 claims because they did not satisfy their initial burden of showing that they did not create or have knowledge of the dangerous condition that caused the accident (see Muqattash v Choice One Pharm. Corp., 162 AD3d 499, 500 [1st Dept 2018]). The evidence did not establish who left the pipes in front of the shanty for several weeks prior to the accident, and defendants did not provide any evidence to show the last time they inspected the work site (see Ladignon v Lower Manhattan Dev. Corp., 128 AD3d 534, 535 [1st Dept 2015]). Defendants focus almost exclusively on the snow that covered the pipes when arguing that they did not have notice of the dangerous condition — ignoring testimony suggesting that the pipes themselves, and their placement adjacent to the shanty, was the dangerous condition that caused the accident.
Accordingly, the order of the Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 13, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross [*3]motion for summary judgment on the Labor Law § 241(6) claim, granted that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 241(6) claim predicated on Industrial Code 12 NYCRR 23-1.7(d) and (e)(1), and denied that part of defendants' motion seeking dismissal of the § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(2) and the common-law negligence and Labor Law § 200 claims, should be modified, on the law, to deny defendants' motion as to the claim predicated on 12 NYCRR 23-1.7(d), and otherwise affirmed, without costs.
All concur.
Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 13, 2017, modified, on the law, to deny defendants' motion as to the claim predicated on 12 NYCRR 23-1.7(d), and otherwise affirmed, without costs.
Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK