Pereira v Hunt/Bovis Lend Lease Alliance II (2021 NY Slip Op 02552)





Pereira v Hunt/Bovis Lend Lease Alliance II


2021 NY Slip Op 02552


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-09347
2018-01891
 (Index No. 13985/08)

[*1]John Pereira, etc., appellant-respondent,
v
Hunt/Bovis Lend Lease Alliance II, etc., et al., respondents, Five Star Electric Corp., respondent-appellant. (Appeal No. 1.)
John Pereira, etc., appellant,
v
Hunt/Bovis Lend Lease Alliance II, etc., et. al., respondents. (Appeal No. 2.)


Gersowitz Libo & Korek, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant-respondent in Appeal No. 1 and appellant in Appeal No. 2.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Gregory Perrotta and Lisa M. Rolle of counsel), for defendant Five Star Electric Corp., respondent-appellant in Appeal No. 1 and respondent in Appeal No. 2.
Newman Myers Kreines Gross Harris, P.C., New York, NY (Stephen N. Shapiro and Jan Kevin Myers of counsel), for defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC, respondents in Appeal Nos. 1 and 2.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Denis. J. Butler, J.), dated July 21, 2017, and (2) an order of the same court dated December 7, 2017, and the defendant Five Star Electric Corp. cross-appeals from the order dated July 21, 2017. The order dated July 21, 2017, insofar as appealed from, denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the causes of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(d) and (e), granted those branches of the motion of the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC, which were for summary judgment dismissing the cause of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, and granted that branch of the separate cross motion of the defendant Five Star Electric Corp. which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against it. The order dated July 21, 2017, insofar as cross-appealed from, denied those branches of the cross motion of the defendant Five Star [*2]Electric Corp. which were for summary judgment dismissing the causes of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(e) and common-law negligence insofar as asserted against it, and for summary judgment dismissing the cross claims asserted against it by the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC. The order dated December 7, 2017, insofar as appealed from, upon reargument, in effect, vacated the determination in the order dated July 21, 2017, denying that branch of the motion of the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC, which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(e) insofar as asserted against the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, and thereupon granted that branch of the motion.
ORDERED that the order dated July 21, 2017, is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC, which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provisions thereof denying those branches of the cross motion of the defendant Five Star Electric Corp. which were for summary judgment dismissing the causes of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(e) and common-law negligence insofar as asserted against it, and substituting therefor provisions granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the cross motion of the defendant Five Star Electric Corp. which was for summary judgment dismissing the cross claims asserted against it by the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated July 21 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 7, 2017, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order July 21, 2017, denying that branch of the motion of the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC, which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(e) insofar as asserted against the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, is adhered to; and it is further,
ORDERED that one bill of costs is awarded to the defendant Five Star Electric Corp., payable by the plaintiff and the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., and Queens Ball Park Company, LLC, and one bill of costs is awarded to the plaintiff payable by the defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., Bovis Lend Lease, Inc., Queens Ball Park Company, LLC, and Mets Development Company, LLC.
The plaintiff, as bankruptcy trustee for Tricia Rowan, commenced the instant action to recover damages for personal injuries Rowan allegedly sustained while she was working at the construction site of the Citi Field ball park in Queens. The property was owned or leased by the defendants Queens Ball Park Company, LLC (hereinafter Queens Ball Park), and Mets Development Company, LLC (hereinafter Mets Development; hereinafter together property owners). The defendants Hunt/Bovis Lend Lease Alliance II, Hunt Construction Group, Inc., and Bovis Lend Lease, Inc. (hereinafter collectively construction manager), served as the construction manager for this project. On October 3, 2007, Rowan allegedly sustained injuries when she fell while traversing the corrugated "Q-decking" surface of a "bridge" area of the stadium that connected two sections of [*3]the concourse. The defendant Five Star Electric Corp. (hereinafter Five Star) had laid or installed electrical cables in that area approximately one month prior to this date.
The complaint asserted causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The construction manager and property owners asserted cross claims against Five Star for common-law indemnification, contribution, and contractual indemnification.
The construction manager and property owners moved, inter alia, for summary judgment dismissing the causes of action alleging violation of Labor Law § 241(6) insofar as asserted against them. Five Star cross-moved, among other things, for summary judgment dismissing the causes of action alleging violation of Labor Law § 241(6) and common-law negligence insofar as asserted against it, and for summary judgment dismissing the cross claims asserted against it by the construction manager and property owners. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violation of Labor Law § 241(6) predicated upon 12 NYCRR 23-1.7(d) and (e).
By order dated July 21, 2017, the Supreme Court granted those branches of the motion of the construction manager and property owners, and the cross motion of Five Star, which were for summary judgment dismissing the Labor Law § 241(6) cause of action predicated upon 12 NYCRR 23-1.7(d). The court denied that branch of Five Star's cross motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. In addition, the court denied that branch of Five Star's cross motion which was for summary judgment dismissing the cross claims asserted against it. Further, the court directed dismissal of the complaint insofar as asserted against Mets Development.
By order dated December 7, 2017, the Supreme Court, among other things, granted the motion of the construction manager and Queens Ball Park for leave to reargue. Upon reargument, the court, in effect, vacated the determination in the July 21, 2017 order denying that branch of the construction manager and property owners' prior motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action predicated upon 12 NYCRR 23-1.7(e) insofar as asserted against the construction manager and Queens Ball Park, and thereupon granted that branch of the motion. The plaintiff appeals from the July 21, 2017 and December 7, 2017 orders, and Five Star cross-appeals from the July 21, 2017 order.
Five Star established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) causes of action predicated upon 12 NYCRR 23-1.7(d) and (e) insofar as asserted against it. "To hold a defendant liable as an agent of the general contractor or the owner for violations of Labor Law §§ 240(1) and 241(6), there must be a showing that it had the authority to supervise and control the work that brought about the injury" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571; see Eliassian v G.F. Constr., Inc., 163 AD3d 528, 529-530). Five Star established, prima facie, that it was not an "agent" of the owner or general contractor, as it lacked the authority to supervise and control the work that allegedly brought about the injury, and no triable issues of fact were raised in opposition to that showing. Accordingly, Five Star was entitled to summary judgment dismissing the Labor Law § 241(6) causes of action predicated upon 12 NYCRR 23-1.7(d) and (e) insofar as asserted against it (see Perez v Hudson Design Architecture & Constr. Mgt., PLLC, 121 AD3d 877, 878; Giovanniello v E.W. Howell Co., LLC, 104 AD3d 812, 813-814).
However, the construction manager and Queens Ball Park were not entitled to summary judgment dismissing the Labor Law § 241(6) causes of action predicated upon 12 NYCRR 23-1.7(d) and (e) insofar as asserted against them. "[T]o establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident" (Seaman v Bellmore Fire Dist., 59 AD3d 515, 516; see Creese v Long Is. Light. Co., 98 AD3d 708, 710). These defendants did not eliminate triable issues of fact as to whether the surface upon which Rowan was walking at the time of the accident constituted a wet or slippery condition that was a proximate cause of the occurrence (see 12 NYCRR 23-1.7[d]; [*4]Creese v Long Is. Light. Co., 98 AD3d at 710; Cooper v State of New York, 72 AD3d 633, 634-635). In addition, these defendants did not show, prima facie, that this incident was not causally related to the presence of debris, materials, or sharp projections in a passageway or work area (see 12 NYCRR 23-1.7[e]; Fitzgerald v Marriott Intl., Inc., 156 AD3d 458, 458-459). These defendants also did not show, prima facie, that the condition that allegedly caused the occurrence was "integral" to the work performed (see Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984; Gonzalez v Magestic Fine Custom Home, 115 AD3d 798, 799).
The plaintiff was not entitled to summary judgment on the issue of liability on the Labor Law § 241(6) causes of action predicated upon 12 NYCRR 23-1.7(d) and (e), as the record revealed the existence of triable issues of fact as to whether there were violations of those provisions which were a proximate cause of accident (see Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1404-1405; Arenas v Bon-Ton Dept. Stores, Inc., 35 AD3d 1205, 1206).
Five Star established its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action insofar as asserted against it by demonstrating that it did not supervise or control the manner of work performed, and did not create the dangerous condition that is alleged to have caused the injury (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 695). In opposition, the plaintiff failed to raise a triable issue of fact.
Five Star also was entitled to summary judgment dismissing the cross claims for common-law indemnification and contribution asserted against it by the construction manager and Queens Ball Park. Five Star established, prima facie, that it was not negligent in connection with the occurrence and did not have the authority to direct, supervise, or control the work giving rise to the injury, and no triable issues of fact were raised in opposition to that showing (see Pita v Roosevelt Union Free School Dist., 156 AD3d 833, 835; Zubaidi v Hasbani, 136 AD3d 703, 704).
Five Star also was entitled to summary judgment dismissing the cross claim for contractual indemnification asserted against it by the construction manager and Queens Ball Park. The relevant contract required Five Star to indemnify those defendants for claims "arising out of" its work at this project. Five Star demonstrated, prima facie, that this occurrence did not "arise out of" its work at the project, and no triable issues of fact were raised in opposition to that showing (see Naupari v Murray, 163 AD3d 401, 402; see also Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415-416).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court