Fino v Macy's Retail Holdings, Inc. (2026 NY Slip Op 00732)

Fino v Macy's Retail Holdings, Inc.

2026 NY Slip Op 00732

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

947 CA 24-01530

[*1]DONNA FINO, AS ADMINISTRATOR, CTA OF THE ESTATE OF CAROLINE HLAT, DECEASED, PLAINTIFF,
vMACY'S RETAIL HOLDINGS, INC., DEFENDANT-RESPONDENT, GALLAGHER ELEVATOR COMPANY, INCORPORATED, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

HEIDELL, PITTONI, MURPHY & BACH, LLP, NEW YORK CITY (STUART D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MURA LAW GROUP, PLLC, BUFFALO (JAMES H. COSGRIFF, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 17, 2024. The order granted the motion of defendant Macy's Retail Holdings, Inc. seeking summary judgment dismissing the complaint and cross-claim against it and for an order directing defendant Gallagher Elevator Company, Incorporated, to contractually defend and indemnify it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 2014, plaintiff's decedent was injured while exiting an allegedly misleveled elevator located in premises leased by defendant Macy's Retail Holdings, Inc. (Macy's) and exclusively serviced by defendant Gallagher Elevator Company, Incorporated (Gallagher). Supreme Court granted Macy's motion for summary judgment dismissing the complaint and Gallagher's cross-claim against it and for an order directing Gallagher to contractually defend and indemnify Macy's. Gallagher appeals from the portion of the order directing it to defend and indemnify Macy's. We affirm.
Contrary to Gallagher's contention, the court properly granted that part of Macy's motion with respect to Gallagher's contractual obligation to provide Macy's with a defense and indemnification. We reject Gallagher's contention that it has no such obligation because Macy's was not originally a party to the 1992 contract containing the operative defense and indemnification clause between Gallagher and Macy's predecessor-in-interest. Gallagher's president testified without contradiction that the contract was subsequently assigned to Macy's and that both parties thereafter operated pursuant to its terms (see generally Pearl St. Parking Assoc. LLC v City of Buffalo, 227 AD3d 1471, 1473-1474 [4th Dept 2024]).
We also reject Gallagher's contention that its contractual obligation to provide Macy's with a defense and indemnification requires a finding that Gallagher was negligent. The unambiguous intent of the clause is to provide a defense and indemnification for "any and all claims (whether meritorious or not) . . . arising out of the performance or non-performance of maintenance services" (see ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1560 [4th Dept 2015], lv denied 29 NY3d 915 [2017]).
Contrary to Gallagher's further contention, there is no triable issue of fact whether Macy's was negligent. Although the subject elevator was older and had not been upgraded, [*2]Gallagher's president testified that it was common for older elevators to remain in operation because those installed in "the old days were built much better than they are today," and the record establishes that Macy's "had an exclusive maintenance contract with . . . an elevator company . . . to inspect, maintain and repair the elevator and had neither actual nor constructive notice of a defective condition" (Browning v Meadowlands Professional Park, 254 AD2d 725, 725 [4th Dept 1998]; see Tashjian v Strong & Assoc., 225 AD2d 907, 909 [3d Dept 1996]).
Finally, we reject Gallagher's contention that the contractual defense and indemnification clause violates General Obligations Law § 5-322.1. While "[a]n indemnification agreement will be deemed void and unenforceable [under General Obligations Law § 5-322.1] if the party seeking indemnification was itself negligent" (Smith v Nestle Purina Petcare Co., 105 AD3d 1384, 1387 [4th Dept 2013] [internal quotation marks omitted]), "[w]ithout a finding of negligence [against that party] . . . , General Obligations Law § 5-322.1's prohibition against indemnif[ication] . . . is inapplicable" (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court